



## MEMORANDUM OPINION

No. 04-09-00453-CR

Eric Salvador **MIRANDA**,,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CR-7411W
Honorable George H. Godwin, Judge Presiding[1]

PER CURIAM

Sitting:    Catherine Stone, Chief Justice
           Steven C. Hilbig, Justice
           Marialyn Barnard, Justice

Delivered and Filed: September 23, 2009

DISMISSED

Appellant Eric Salvador Miranda pleaded nolo contendere to possession of a controlled

substance pursuant to a plea bargain agreement. As part of his plea bargain, appellant signed a

separate "Waiver of Appeal" that states:

---

[1]  Sitting by assignment

> I understand that upon my plea of guilty or nolo contendere, where the punishment does not exceed that recommended by the prosecutor and agreed to by me, my right to appeal will be limited to only: (1) those matters that were raised by written motion filed and ruled on before trial, or (2) other matters on which the trial court gives me permission to appeal. I understand that I have this limited right to appeal. However, as part of my plea bargain agreement in this case, I knowingly and voluntarily waive my right to appeal under (1) and (2) in exchange for the prosecutor's recommendation, provided that the punishment assessed by the court does not exceed our agreement.

The trial court imposed sentence in accordance with the agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Appellant timely filed a notice of appeal. The clerk's record, which includes the trial court's Rule 25.2(a)(2) certification and a written plea bargain agreement, has been filed. *See* TEX. R. APP. P. 25.2(d). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.*

The clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See* TEX. R. APP. P. 25.2(a)(2). The record also appears to support the trial court's certification that appellant does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).

On August 10, 2009, we gave Miranda notice that the appeal would be dismissed unless written consent to appeal and an amended certification showing Miranda has the right to appeal were signed by the trial judge and made part of the appellate record by September 9, 2009. *See* TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.–San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for

publication). Neither written permission to appeal nor an amended certification showing Miranda has the right to appeal has been filed.  We therefore dismiss this appeal.

PER CURIAM

DO NOT PUBLISH